### MOSZKOWITZ v. INTERNATIONAL NAV. CO.

(Supreme Court, Appellate Term.   June 22, 1903.)

1. CARRIER OF PASSENGERS — REVOCATION OF CONTRACT — LIEN FOR UNPAID PASSAGE MONEY.

   Where a passenger has obtained a ticket in regular course upon a prepaid certificate procured for her by her husband from the carrier, the fact that without notice to her the carrier has refunded the money to the husband, though without requiring him to deliver up the certificate, will not give the carrier a lien on her baggage for unpaid passage money.

Appeal from City Court of New York.

Action by Amalie Moszkowitz against the International Navigation Company.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE, and MacLEAN, JJ.

Robinson, Biddle & Ward, for appellant.

Gordon & Rosenblum, for respondent.

PER CURIAM.   It may be conceded that as a general rule a common carrier of passengers has a lien upon the passenger's baggage for unpaid passage money.   But upon exceptional facts of this case the defendant is estopped from asserting its claim against plaintiff's personal baggage.

The plaintiff had in good faith become a passenger pursuant to a ticket obtained by her in due and regular course, upon a prepaid certificate procured for her by her husband from the defendant.   The fact that the defendant refunded the money received for the prepaid certificate to the husband without notice to or knowledge on the part of the plaintiff, and without requiring the husband to deliver up the certificate, is not sufficient to deprive the plaintiff of her property.

At the end of the case there was nothing left for submission to the jury except the question of damages.   The record discloses no reversible error.

Judgment affirmed, with costs.